IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RONNIE REDD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 321-041 |
| | ) |
| ANTONIO CALDWELL, Warden; | ) |
| MR. GIBBONS, Deputy Warden of Security; | ) |
| MS. DOE, Deputy Warden of Care and | ) |
| Treatment; CHABARA BRAGG, Unit | ) |
| Manager; LT. MITCHELL HARDY, Shift | ) |
| Supervisor; and MRS. GORDON, | ) |
| Correctional Officer II, | ) |
| | ) |
| Defendants. | ) |

_____

**O R D E R**
_____

Plaintiff, currently detained at Charles B. Webster Detention Center, filed this case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Johnson State Prison ("JSP") in Wrightsville, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because Plaintiff is proceeding IFP, his amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I.   SCREENING THE AMENDED COMPLAINT

Plaintiff names the following Defendants at JSP: (1) Antonio Caldwell, Warden; (2) Mr. Gibbons, Deputy Warden of Security; (3) Ms. Doe, Deputy Warden of Care and Treatment; (4) Chabara Bragg, Unit Manager; (5) Lt. Mitchell Hardy, Shift Supervisor; and (6) Mrs. Gordon,

Correctional Officer II. (Doc. no. 10, pp. 1-3, 12.) Plaintiff sues Defendants in their individual and official capacities. (Id.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On October 10, 2020, Plaintiff's H-2 dormitory was placed on emergency lockdown because of a gang stabbing. (Id. at 13.) The next day, the Warden, Deputy Wardens, and Unit Manager failed to make sure Defendant Hardy, the shift supervisor, had an officer assigned to the H-2 dorm. (Id.) Defendant Gordon, who had been assigned to H-1 dorm, came to H-2 dorm at 9:00 a.m. to pass out breakfast trays, and after she left, Plaintiff's cell mate "popped out" the celldoor lock to go visit the cells of other gang members. (Id. at 14.)

Defendant Gordon came back two hours later to pass out lunch trays and saw inmates were out of their cells. (Id. at 15.) She announced that "inmates better talk to their cellmates about 'popping out' their cells cause if they did not stop doing so she will alert 'the folks' (meaning her superiors) and some inmates may lose their illegal cell phones and drugs [sic]." (Id.) The Warden, Deputy Wardens, Unit Manager, and shift supervisor for October 11th "all knew of the daily occurrence of inmates 'popping in' and 'popping out' their locked cells using 'homemade keys' to do so" but failed to have the locks and unauthorized areas "nonbreachable by inmates." (Id. at 14.)

Defendant Gordon did not report to her supervisors that the inmates were out of their cells, and later that day, Plaintiff's cellmate attacked him by hitting him in the face with a lock tied to a belt and then stabbing him with a knife obtained when the cellmate "popped out" of his cell. (Id. at 14, 15-16.) Plaintiff's cellmate attacked him with the lock inside their cell, and the fight spilled out into the top range, where - after Plaintiff had been repeatedly stabbed - other inmates eventually broke up the fight. (Id. at 16.) Minutes later, Defendant Gordon came to H-2

dorm from H-1 dorm and made sure Plaintiff was taken to the medical unit. Defendant Hardy sent an officer to secure the H-2 dorm. (Id. at 17.)

This was not Plaintiff's cellmate's first assault on a fellow inmate. In "early 2020," the cellmate attacked another inmate. (Id. at 5.) However, "the wardens" failed to follow a procedure that would have resulted in the cellmate's placement on nine months of lockdown. (Id. at 5, 13.) Moreover, as Plaintiff was a LGBTQ inmate and non-gang-member, he was considered "prey" to the gang-member cellmate. (Id. at 13.)

As relief, Plaintiff seeks monetary damages, as well has his costs of the litigation, from each Defendant. (Id. at 5.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has arguably stated a viable claim for deliberate indifference to his safety against Defendant Gordon. See Lane v. Philbin, 835 F.3d 1302, 1307-08 (11th Cir. 2016). Accordingly, process shall issue as to this one Defendant. In a companion Report and Recommendation, the Court recommends dismissal of Defendants Caldwell, Gibbons, Doe, Bragg, and Mitchell, as well as Plaintiff's official capacity claims for money damages against all Defendants.

## II.     INSTRUCTIONS

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendant Gordon. The United States Marshal shall mail a copy of the amended complaint, (doc. no. 10), and this Order by first-class mail and request that Defendant waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to

3

return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within ninety days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate Defendant to effect service.

**IT IS FURTHER ORDERED** Plaintiff shall serve upon the defendant, or upon her defense attorney(s) if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendant or her counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendant. Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>. The defendant shall ensure Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this Court's Local Rules.

4

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the first answer of a defendant named in the amended complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 24th day of September, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA