IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RONNIE REDD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 321-041 |
| ) | |
| ALICIA GORDON, Correctional Officer II,[1] ) | |
| ) | |
| Defendant. ) | |

___

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
___

Plaintiff commenced the above-styled civil action pursuant to 42 U.S.C. § 1983.  He is proceeding *pro se* and *in forma pauperis* ("IFP").  Defendant filed a Motion to Dismiss for Want of Prosecution.  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the motion to dismiss be **GRANTED**, (doc. no. 23), this civil action be **DISMISSED** without prejudice, and an appropriate judgment of dismissal be **ENTERED**.

**I.   BACKGROUND**

Because Plaintiff is proceeding IFP, the Court screened his amended complaint to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).  On September 24, 2021, the Court directed service of process on Defendant Gordon based on Plaintiff's allegations of deliberate indifference to his safety.  (See doc. no. 13.)  In that

___

[1]The Court **DIRECTS** the **CLERK** to update Defendant's name on the docket in accordance with the above caption, which is consistent with the answer.  (See doc. no. 26, p. 1.)

September 24th Order, the Court directed Plaintiff to immediately inform the Court and opposing counsel of any change of address and warned Plaintiff failing to do so would result in dismissal of the case.[2] (Id. at 5.) The September 24th order also informed Plaintiff of his duty to cooperate fully in any discovery initiated by Plaintiff and his failure to do so could result in dismissal of this case. (Id. at 4.) Finally, the September 24th Order explained Plaintiff must pursue his case, and a failure to do so could result in dismissal under Federal Rule of Civil Procedure 41 and Local Rule 41.1. (Id. at 5.)

Defendant filed her answer on February 9, 2022, and the Clerk issued a Scheduling Notice setting case deadlines. (See doc. nos. 26, 27-1.) Defendant noticed Plaintiff's deposition for June 24, 2022, but Plaintiff failed to appear. (See doc. nos. 30-2, 30-3.) Staff at Plaintiff's last known place of detention informed defense counsel that Plaintiff was released from custody in March of 2022. (See doc. no. 30-2, pp. 3-4) However, Plaintiff has not provided an updated address to the Court, and Defendant's efforts to locate a valid new address for Plaintiff have proved unsuccessful, (doc. no. 30-1, p. 3.) Defendant moves to dismiss Plaintiff's case under Fed. R. Civ. P. 37 and 41. (Doc. no. 30.) The docket does not reflect a response from Plaintiff.

## II.   DISCUSSION

Fed. R. Civ. P. 37(b)(2) authorizes courts to impose sanctions, including dismissal, "[i]f a party . . . fails to obey an order to provide or permit discovery . . . ." Dismissal should only be imposed as a Rule 37 sanction "when less drastic sanctions would not ensure compliance with the court's orders." Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542

---

[2]The Court first informed Plaintiff of the requirement for keeping his address current with the Court in an order dated July 12, 2021. (See doc. no. 3, p. 4.) That order also warned Plaintiff his case would be dismissed if he failed to do so. (Id.)

(11th Cir. 1993). In addition, dismissal is only appropriate "when a plaintiff's recalcitrance is due to willfulness, bad faith or fault." Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993). Furthermore, "[d]ismissal with prejudice is the most severe Rule 37 sanction and is not favored." Id.; see also Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986) ("The decision to dismiss a claim . . . ought to be a last resort – ordered only if noncompliance with discovery orders is due to willful or bad faith disregard of those orders.").

Moreover, a district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). In addition, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to keep the Court informed of his address and to appear for his deposition are direct violations of multiple Court orders, as described above, and saddles the Court with a stagnant case in which no communication with Plaintiff seems possible. Plaintiff was warned that noncompliance could result in dismissal of his case. Plaintiff's failure to comply with the Court's orders amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. However, the Court does not find Plaintiff disobeyed a discovery order by failing to appear for his deposition. The instructions directing Plaintiff to appear for his deposition upon five days notice were contained in an order providing general instructions about the development and progression of this case, (doc. no. 13, p. 4), not an order compelling discovery. Moreover, as explained above, because Plaintiff did not keep the Court and opposing counsel apprised of a current address, it is not clear he was aware of the deposition for which he failed to appear such that the Court can conclude there was willful or bad faith disregard of a discovery order. Thus, the Court declines to recommend the harshest penalty of dismissal with prejudice under Fed. R. Civ. P. 37.

Finally, the Court finds that the imposition of monetary sanctions is not a feasible sanction because Plaintiff is proceeding IFP, no portion of the filing fee has been paid, and the Court has no way of notifying Plaintiff of the imposition of a monetary sanction. Therefore, dismissal for want of prosecution is appropriate.

### III.   CONCLUSION

The Court recognizes Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an

adjudication on the merits.³  See, e.g., Cordes v. Chipi, 773 F. App'x 551, 552-53 (11th Cir. 2019) (*per curiam*); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007).  Thus, for this reason, and because the Court has not found willful or bad faith disregard of a discovery order, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. Accordingly, **REPORTS** and **RECOMMENDS** the motion to dismiss be **GRANTED**, (doc. no. 23), this civil action be **DISMISSED** without prejudice, and an appropriate judgment of dismissal be **ENTERED**.

SO REPORTED and RECOMMENDED this 25th day of July, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

³Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits.  See Fed. R. Civ. P. 41(b).